CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

2020 JUN -2 PM 3: 06

DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 5:19-CR-142-H-BQ-9 |
| | § | |
| TANNER PAUL LANGDON | § | |

## REPORT AND RECOMMENDATION ON PLEA
## BEFORE THE UNITED STATES MAGISTRATE JUDGE

This case has been referred by the United States district judge to the undersigned

for the taking of a guilty plea. The parties have consented to appear before a United States

magistrate judge for these purposes. This Report and Recommendation on Plea is

submitted to the court under 28 U.S.C. § 636(b)(3).

Under authority granted by Congress in the Coronavirus Aid, Relief and Economic

Security Act (CARES Act) and based upon findings by the United States Judicial

Conference that emergency conditions exist that materially affect the functioning of the

Court, Chief Judge Barbara M.G. Lynn issued Special Order 13-9 in which she

specifically found that felony pleas under Federal Rule of Criminal Procedure 11 cannot

be conducted in person without seriously jeopardizing public health and safety. As a

result, Special Order 13-9 authorizes the use of video teleconferencing for taking felony

guilty pleas in particular cases where the district judge has made a finding that the plea

cannot be further delayed without serious harm to the interest of justice. Upon the joint

motion of both parties, the district judge has made such a finding in this case.

## A.     Recommendation regarding Guilty Plea

Defendant appeared via video teleconference with counsel before the undersigned United States magistrate judge who addressed the defendant personally in open court and informed the defendant of, and determined that the defendant understood, the admonitions contained in Rule 11 of the Federal Rules of Criminal Procedure.

The defendant pleaded guilty (under a written plea bargain agreement with the government) to *Count Eleven of the Second Superseding Indictment, charging defendant with a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), that is, Distribution and Possession with Intent to Distribute Methamphetamine.* The undersigned magistrate judge finds the following:

1.    The defendant, upon advice of counsel, has consented orally and in writing to enter this guilty plea before a magistrate judge subject to final approval and sentencing by the presiding district judge;

2.    The defendant fully understands the nature of the charges (including each essential element of the offense(s) charged and penalties);

3.    The defendant fully understands the terms of the plea agreement and plea agreement supplement;

4.    The defendant understands all constitutional and statutory rights and wishes to waive these rights, including the right to a trial by jury and the right to appear before a United States district judge;

5.    The defendant's plea is made freely and voluntarily;

6.    The defendant is competent to enter this plea of guilty;

7.    There is a factual basis for this plea; and

8.    The ends of justice are served by acceptance of the defendant's plea of guilty.

Based on the above, I recommend that the defendant's plea of guilty be accepted, that the defendant be adjudged guilty, and that sentence be imposed accordingly.

**B.**     **Recommendation regarding 18 U.S.C. § 3143(a)(2) - Release or detention of a defendant pending sentence.**

Upon defendant's initial appearance, the Government filed a motion to detain; however, after reviewing the Pretrial Services Report (Bond Report) at the arraignment and scheduled detention hearing, the Government withdrew its motion, thus requiring the court to determine what bond and/or other conditions of release would reasonably assure defendant's appearance as required and the safety of the community. *See, e.g.*, 18 U.S.C. § 3142 (a), (b), (c)(1)(B). As a result, the undersigned set bond and conditions after reviewing the Pretrial Services Report (Bond Report) prepared by the U.S. Probation Officer assigned to this case, which stated that imposition of certain conditions would reasonably assure defendant's appearance and the safety of the community.

The undersigned also notes, however, the Probation Officer reports that, upon being found guilty, defendant may be subject to mandatory detention pending sentencing pursuant to 18 U.S.C. § 3142(f)(1)(C). Specifically, the offense to which defendant is pleading guilty, Distribution and Possession with Intent to Distribute Methamphetamine, involves a maximum term of imprisonment of ten years or more as prescribed by the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 921 et seq.), or Chapter 705 of Title 46. According to the plea agreement executed by defendant, the court can impose a maximum term of imprisonment of not more than twenty (20) years.

Defendant must be ordered detained pursuant to 18 U.S.C. § 3143(a)(2) unless: (1)(a) the court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or (b) the Government has recommended that no sentence of imprisonment be imposed, or (c) exceptional circumstances are clearly shown under § 3145(c) why the defendant should not be detained; *and* (2) the court finds by clear and convincing evidence that defendant is not likely to flee or pose a danger to any other person or the community if released. *See United States v. Carr*, 947 F.2d 1239 (5th Cir. 1991). As a result, if the court accepts this Report and Recommendation on Plea, and adjudges defendant guilty, it is the further recommendation of the undersigned that defendant be detained pending imposition or execution of sentence, pursuant to 18 U.S.C. § 3143(a)(2), absent defendant establishing either of the foregoing exceptions.

Although I have conducted these proceedings and accepted the defendant's plea of guilty, the United States district judge has the power to review my actions and possesses final decision-making authority in this proceeding. Thus, if defendant has any objections to these findings or any other action of the undersigned, he is required to make those known to the United States district judge within fourteen (14) days of today.

Signed on June 2, 2020.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE